UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

CIVIL ACTION NO. 09-313-KKC

GEORGIA A. WALKER                                                                           PLAINTIFF

v.                          **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Georgia A. Walker ("Walker") and Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner"). Rec. 9, 10. For the reasons set forth below, the Court finds that the Commissioner's decision denying benefits is supported by substantial evidence in the record. Accordingly, the Court will grant the Commissioner's motion for summary judgment.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Walker filed an application for supplemental security income ("SSI") on July 7, 2006 alleging a period of disability beginning on June 1, 2006. AR 10, 73-76. Walker has a twelfth grade education and no past relevant work experience.[1] AR 15, 98. Walker alleges disability due to carpal tunnel syndrome, poor grip strength, limb numbness and tingling, chronic obstructive pulmonary disease ("COPD"), chest pain, irregular heartbeat, acid reflux disease, chronic back pain, thyroid problems, poor sleep, and fatigue. AR 24, 93. Walker also complains of depression with accompanying poor concentration, lack of focus and panic attacks. AR 24-25. Walker's claim for disability benefits was denied initially and on reconsideration. AR 34-48.

---

[1] Walker testified that she last worked in 1994 and 1995 at a grocery store as a cashier, stocker and janitor. AR 21. She also testified that she worked as a care giver for her grandmother until 2006. AR 23.

Walker then requested a formal hearing before an administrative law judge ("ALJ"). The hearing was held on February 25, 2008 and Walker appeared and testified. AR 17-33. On June 17, 2008, the ALJ issued an unfavorable decision, denying Walker's claim for benefits. AR 10-16. Walker's timely filed a request for review of the ALJ's decision by the Social Security Administration's Appeals Council which declined to review the decision. AR 1-3. Because Walker timely exhausted all available administrative remedies prior to instituting this civil action, judicial review of this matter is proper pursuant to 42 U.S.C. § 405(g).

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court must defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court may not review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility.

*Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 Fed. App'x 503, 506 (6th Cir. 2005).

**B. Overview of the Process**

Under the Social Security Act, disability is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by her impairment and that she is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show she is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that she suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that her impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's

3

ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimants' impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the RFC, he must determine whether the claimant has the RFC to perform the requirements of her past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given her RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

**C. The ALJ's Decision**

At step one of the sequential evaluation process, the ALJ found that Walker has not engaged in substantial gainful activity since July 7, 2006, the application date. AR 12. At step two, the ALJ found that Walker has the following severe impairments: (1) degenerative disc disease; (2) COPD; (3) palpitations; and (4) mild carpal tunnel syndrome. *Id.* However, the ALJ found that Walker's depression was not a severe impairment because the "paragraph B" criteria were not satisfied. *Id.* Based on the medical evidence in the record, the ALJ specifically found that Walker only had mild limitations in activities of daily living, social functioning and with concentration, persistence and pace. AR 12-13. The ALJ further found that Walker had no episodes of decompensation. AR 13.

At step three, the ALJ found that Walker does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 13. The ALJ then considered Walker's RFC prior to step four.

4

Upon considering the evidence in the record, the ALJ determined that Walker has the RFC to:

> lift and carry fifty pounds occasionally and twenty-five pounds frequently. The claimant can stand or walk for six hours per eight-hour workday and can sit for six hours per workday. The claimant can only occasionally climb ladders, ropes or scaffolds.

*Id.* In making this finding, the ALJ determined that Walker's testimony about the intensity, persistence and limiting effects of her symptoms was not credible. AR 14. Furthermore, the ALJ rejected a statement from Dr. Ferdousi Begum ("Dr. Begum"), a treating source, that Walker was unable to perform even sedentary work due to arthritis and carpal tunnel syndrome. AR 15. The ALJ rejected Dr. Begum's opinion because it was inconsistent with the other medical evidence in the record and unsupported by Dr. Begum's treatment records. *Id.*

At step four, the ALJ found that Walker had no past relevant work experience. *Id.* At step five, the ALJ determined that considering Walker's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. *Id.* Accordingly, the ALJ found that Walker was not disabled as defined in the Social Security Act since July 7, 2006, the application date. AR 15-16.

**D. Analysis**

Walker raises two arguments in support of her claim that the Commissioner's decision denying her application for SSI benefits is not supported by substantial evidence. First, Walker asserts that the Commissioner erred in evaluating her testimony regarding her pain, symptoms and limitations. Second, Walker asserts that the ALJ erred by substituting his own opinion for the opinion of her physician of record. The Court will address each of these arguments in turn.

**1. Walker's subjective complaints of pain and the ALJ's credibility determination.**

Walker claims that the ALJ erred by failing to provide a specific rationale for rejecting

5

her testimony. Walker's subjective assessment of her symptoms is relevant to determining whether she suffers from a disability but is not conclusive evidence of disability. *Warner*, 375 F.3d at 392 (citing *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001)). In evaluating Walker's subjective complaints of pain, the ALJ was permitted to consider her credibility and this Court should ordinarily accord great deference to that credibility determination. *Id.*

In order to evaluate claims of disabling pain, the Sixth Circuit has developed a two-prong test:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Id.* (citing *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994)). Although the Sixth Circuit has recognized that it is "for the ALJ and not the reviewing Court to evaluate the credibility of witnesses, including that of the claimant," the ALJ may not make that determination "based solely upon an intangible or intuitive notion about an individual's credibility." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007)(quoting Soc. Sec. Rul. 96-7p, 1996 SSR LEXIS 4, *11, 1996 WL 374186, at *4 (1996)).

In this case, the Court finds that the ALJ properly followed the requirements of 20 C.F.R. § 404.1529 and SSR 96-7p in determining the credibility of Walker's testimony. Initially, the ALJ summarized Walker's hearing testimony. The ALJ noted that she testified that while she had not worked since 1994, she served as her grandmothers caretaker through 2006. Walker testified that she cleaned her grandmother's house, gave her insulin shots and cared for her personal needs. Walker also testified that she assisted her grandmother with bathing. AR 24.

6

While Walker's testimony does not indicate a great deal of daily activities beyond caring for her grandmother, the ALJ was permitted to consider these activities in assessing her credibility. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004).

The ALJ also gave a well-reasoned explanation of why Walker's testimony was inconsistent with the objective medical evidence in the record. Walker testified that she was unable to work because of carpal tunnel syndrome, acid reflux disease, COPD, chronic back pain, numbness and tingling of the limbs, a heart murmur, irregular heartbeat and high cholesterol. The ALJ discussed each of these impairments and explained why Walker's subjective complaints were not supported by the medical evidence.

Walker testified that she had carpal tunnel syndrome and had problems with her hands through her elbows. Specifically, she claimed swelling in her hands, fingers and wrists with burning and numbness in both hands. AR 25. Walker claimed that her grip strength was affected, she struggled to pick up and hold on to small items up, and claimed to have difficulty with buttons and zippers. AR 25. However, the ALJ noted that nerve conduction studies were performed on June 16, 2006 and showed only mild carpal tunnel syndrome in the left wrist. Similarly, treatment records from August 2006 and May 2007 showed full grip strength and normal range of motion in the wrists and finger joints.

Dr. Zhong, a disability examiner found Walker to have full muscle strength in all extremities, full grip strength, and full range of motion in almost all areas tested. Along the same lines, a December 2006 review of the medical evidence in the record found Walker's complaints about her hand and arm symptoms to not be credible. In addition, some of Walker's own testimony also appears to contradict her claims of disabling pain related to her carpal tunnel

7

syndrome. Walker acknowledged that she wears braces on her hands and that this helps some. AR 26. Furthermore, she admitted that none of her doctors had ever recommended or performed carpal tunnel release surgery. AR 26.

Walker also claimed that chronic back pain significantly impacts her ability to work. Walker claimed that her lower back pain radiates down the back of her legs and up into her neck. AR 27. She claimed that the pain in her back was always present but that the pain in her legs came and went. AR 27. Walker testified that her back pain limits her to standing or walking for ten to twenty minutes at a time. AR 27-28. Similarly she claimed to only be able to sit for ten to twenty minutes. Finally, Walker claimed that her back pain is exacerbated by lifting, carrying, bending, stooping, crouching, crawling, climbing, kneeling, squatting and pushing and pulling. AR 29-30.

In considering these complaints, the ALJ noted that they were inconsistent with the medical evidence in the record. The ALJ considered a lumbar MRI performed on June 18, 2006 showing no disc bulges or disc herniations. Furthermore, the vast majority of medical records showed unremarkable physical examinations with no motor, sensory, or reflex abnormalities. Similarly, there were no signs of muscle weakness, atrophy, or peripheral neuropathy indicative of disabling pain. Physical examinations generally revealed showed Walker had a stable gait and walked without any difficulty. Straight leg testing was also consistently negative.

The ALJ also considered the treatment Walker received from Dr. Donald R. Douglas for her back problems. Dr. Douglas performed a lumbar epidural steroid injection which improved Walker's lumbar muscle spasms. Dr. Douglas also claimed that physical therapy was helping Walker's pain. Walker's claims of disabling pain related to her back condition is also contrary to

her testimony that she does not take medication for her back pain and obtained relief from the steroid injections. AR 31.

The ALJ also considered Walker's complaints about the effects of her heart problems and COPD. The ALJ noted that Dr. Zhong's examination on August 26, 2006 showed that Walker's lungs were clear bilaterally with no wheezes. The same examination showed a regular heart rate and rhythm. While Dr. Wesson found Walker to have acute bronchitis and an upper respiratory infection on October 20, 2006, Walker noted that she was doing fine. Walker entered the hospital on October 25, 2006 because of an exacerbation of her COPD but a chest x-ray was negative and Walker had clearly improved by the time of her discharge on October 28, 2006. Walker followed up with Dr. Wesson on multiple occasions and was noted to be doing fine. Her lungs were clear on November 21, 2006, her heart had a normal rate and rhythm and neurological examination was normal. By March 21, 2007, Dr. Weston found that Walker's asthma and acid reflux were well controlled with medication and her lungs remained clear.

Dr. Olatunji began examining Walker on September 18, 2007 and his findings also support the ALJ's credibility determination. He found that Walker's heart no longer had a murmur and had a normal rhythm. In addition, Walker's lungs were clear, an EKG revealed sinus rhythm and a Holter monitor was normal as well. Additional physical examinations were normal as was a chest x-ray. Similarly, cardiac catheterization revealed normal coronary arteries, normal systolic function and normal left ventricular end diastolic pressure. Walker also testified that she does not take any medications for her chest pain. AR 26-27.

The Court reemphasizes that the ALJ's finding regarding Walker's credibility is entitled to great deference. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 230 (6th Cir.

1990). In this case, the Court finds that the ALJ gave clear reasons for discounting Walker's testimony about her symptoms. Furthermore, the Court finds that the decision to do so was supported by substantial evidence. Accordingly, the Court will accord the ALJ's credibility determination the appropriate level of deference.

**2. Dr. Begum's opinion.**

Walker also claims that the ALJ erred by substituting his own opinion for that of her treating physician of record, Dr. Begum. On January 29, 2008, Dr. Begum opined that Walker was unable to perform even a full range of sedentary work activities due to carpal tunnel syndrome and arthritis. AR 1080-82.

Social Security Regulations provide a framework for evaluating the opinions of treating physicians. Under these regulations:

> [i]f we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(d)(2). The factors considered include: the length, frequency, nature, and extent of the treatment relationship; the evidence supporting the opinion; the consistency of the opinion with the record as a whole; the specialization of the doctor; and other relevant factors. *Id.* at (d)(2)-(d)(6); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). As a result, while treating source opinions are not necessarily binding, the ALJ must set forth some basis for a decision rejecting such an opinion. *See Shelman v. Heckler*, 821 F.2d 316, 321

10

(6th Cir. 1987).

In this case, the ALJ articulated clear reasons why Dr. Begum's opinion was entitled to little weight. Initially, he found the opinion inconsistent with the medical evidence of record which has been discussed above. In addition, the ALJ noted that Dr. Begum's opinion was not supported by his own treatment records. The Court finds that the ALJ did not err by giving Dr. Begum's opinion little weight and rejects Walker's argument that the ALJ improperly substituted his own opinion for that of Dr. Begum. The ALJ's hearing decision clearly reflects that the ALJ considered all of the evidence in the record in rejecting Dr. Begum's opinion including treatment records from other treating and examining sources.

Walker has not specifically referred to any objective medical findings supporting Dr. Begum's opinion. Walker relies on the fact that she sought treatment for various conditions from Dr. Begum. However, Walker has failed to direct the Court's attention to any of Dr. Begum's treating records supporting the limitations that he ultimately imposed. In addition, Walker cannot rely on her testimony about her symptoms which the ALJ properly found to not be credible. This Court also wishes to note that it does not have the obligation to search the record for medical evidence to support and develop Walker's arguments. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

### III.    CONCLUSION

For the reasons set forth above, the Court holds that the Commissioner's decision denying Walker's claim for benefits is supported by substantial evidence in the record. Accordingly, it is **HEREBY ORDERED** as follows:

(1) Walker's motion for summary judgment (Rec. 9) is **DENIED;**

(2) The Commissioner's motion for summary judgment (Rec. 10) is **GRANTED;** and

(3) A Judgment shall enter concurrently with this Memorandum Opinion and Order.

This the 16th day of April, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge